FILED
2022 Oct-25  PM 02:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA

## NORTHEASTERN DIVISION

| | |
|---|---|
| **ESTATE OF DENIS CROUGH,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**BOEHRINGER INGELHEIM** )<br>**PHARMACEUTICALS, INC.;** )<br>**SANOFI US SERVICES,** )<br>**INC.; CHATTEM, INC.; and** )<br>**GLAXOSMITHKLINE, LLC;** )<br>Fictitious Defendants A-Z whose )<br>identities are unknown at this time but )<br>shall be added upon discovery in )<br>accordance with Rule 9 of the *Alabama* )<br>*Rules of Civil Procedure*. )<br>)<br>**Defendants.** )<br>) | **Civil Action No.**<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, and 1446** |

## SANOFI US SERVICES INC. AND CHATTEM, INC.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Sanofi US Services Inc. and Chattem, Inc. (collectively, "Sanofi") hereby provide notice of removal of this action, *Estate of Denis Crough v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.*, Case No. 47-CV-2022-901046.00, from the Circuit Court of the State of Alabama in and for Madison County to the United States District Court for the Northern District of Alabama (Northeastern Division). As grounds for removal, Defendants state the following:

### INTRODUCTION

1. This action is one of over two thousand lawsuits filed against the manufacturers and sellers of Zantac (ranitidine), alleging that the medication caused serious bodily injury. On February 6, 2020, the Judicial Panel on Multidistrict Litigation created a multidistrict litigation

1

("MDL") in the Southern District of Florida before Judge Robin Rosenberg for cases involving injuries "as a result of NDMA [N-nitrosodimethylamine] formed from Zantac." *In re Zantac (Ranitidine) Prods. Liab. Litig.*, 2020 WL 582134, at *2 (J.P.M.L. 2020). The Panel found that centralizing these cases for pretrial purposes would "eliminate duplicative discovery; prevent inconsistent rulings . . . and conserve the resources of the parties, their counsel, and the judiciary." *Id.* To date, over 2,000 actions have been transferred to the Zantac MDL, with more (including this action) surely to follow.

## BACKGROUND

2.  On September 20, 2022, Plaintiff filed this Complaint in the Circuit Court of Madison County, Alabama against four entities that Plaintiff alleges are current and former manufacturers of Zantac. The Complaint alleges that "The Defendant's [sic] were aware of the harms caused by Rantadine [sic], but continued to manufacture and distribute the drug." Compl. at ¶ 16. A copy of the Complaint is attached as **Exhibit A**. The thrust of this Complaint—like others in the MDL—is that Plaintiff ingested Zantac, and as a direct and proximate result, developed cancer. *Id*.

3.  The Complaint asserts that Defendants are liable for: (1) negligence/wrongful death; (2) wantonness/wrongful death; (3) failure to warn - strict liability; and (4) defective design - strict liability. *Id.* ¶¶ 18–35.

4.  None of the national pharmaceutical manufacturers named in the Complaint is a citizen of Alabama. Thus, the basis for removal here is materially identical to the basis for federal jurisdiction over dozens of substantially similar ranitidine-related cases previously transferred to the MDL: there is complete diversity of citizenship between Plaintiff and Defendants.

**JURISDICTION**

5. Defendants remove this action on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because: (1) there is complete diversity between Plaintiff and Defendants; (2) the amount in controversy exceeds $75,000, exclusive of interest and costs; and (3) all other requirements for removal have been satisfied.

**BASIS FOR REMOVAL**

**I.     There Is Complete Diversity Between Plaintiff and All Defendants**

7. For purposes of diversity jurisdiction, an individual is a citizen where he or she is domiciled. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). An individual's "domicile is the place of his true, fixed, and permanent home and principal establishment." *Id.* at 1257-58 (internal citations omitted). Furthermore, an individual's citizenship is determined at the time of death. *See Lyons v. O'Quinn*, 607 F. App'x 931. 934 (11th Cir. 2015). At the time of his death, Denis Earl Crough resided in Madison County, Alabama. Compl. at ¶ 1.

8. When a decedent's estate is a party to an action, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2); *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1170 (11th Cir. 2007). The Estate of Denis Crough, the Plaintiff in this action, was established in Madison County, Alabama on September 19, 2022. Compl. at ¶ 1. Plaintiff is, therefore, a citizen of Alabama.

9. For purposes of diversity jurisdiction, a corporation is a "citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

10. Defendant Boehringer Ingelheim Pharmaceuticals, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Ridgefield, Connecticut. Boehringer Ingelheim Pharmaceuticals, Inc. is, therefore, a citizen of Delaware and Connecticut.

11. Defendant Sanofi US Services Inc. is a corporation organized under the laws of Delaware with its principal place of business in Bridgewater, New Jersey. Sanofi US Services Inc. is, therefore, a citizen of Delaware and New Jersey.

12. Defendant Chattem, Inc. is a corporation organized under the laws of Tennessee with its principal place of business in Bridgewater, New Jersey. Chattem, Inc. is, therefore, a citizen of Tennessee and New Jersey.

13. Defendant GlaxoSmithKline LLC is a limited liability company. The sole member of GSK LLC is GlaxoSmithKline Holdings (America) Inc., a corporation organized under the laws of Delaware with its principal place of business in Wilmington, Delaware. At the time this action was commenced, GSK LLC was, therefore, solely a citizen of Delaware.

14. The citizenship of Defendants "Fictitious Defendants A-Z" is ignored for the purposes of determining the propriety of removal. *See* 28 U.S.C. § 1441(b)(1) ("[T]he citizenship of defendants sued under fictitious names shall be disregarded."); *see also Walker v. CSX Transp. Inc.*, 650 F.3d 1392, 1395 n.11 (11th Cir. 2011) ("[T]he fictitious defendants…did not destroy complete diversity because § 1441[(b)(1)] requires that fictitious named parties be disregarded for purposes of diversity jurisdiction.") (internal citations omitted).

15. Because Plaintiff is a citizen of Alabama and Defendants are citizens of states other than Alabama, complete diversity exists between Plaintiff and Defendants. *See* 28 U.S.C. § 1332(a).

## II. The Amount-in-Controversy Requirement Is Satisfied

16. Plaintiff's claims satisfy the amount-in-controversy requirement set forth in 28 U.S.C. § 1332(a).

17. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

18. Where, as here, a complaint does not allege a specific amount of damages, "removal from state court is [jurisdictionally] proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (alterations in original) (quoting *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)). When alleging that there is sufficient evidence in the complaint to establish the amount in controversy, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka*, 608 F.3d at 754; *see, e.g., Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058 (11th Cir. 2010) (holding that the removing defendants sufficiently proved that the amount-in-controversy was facially apparent from a complaint brought by plaintiff's estate seeking damages for alleged negligence and wantonness).

19. Courts regularly find that the amount-in-controversy requirement has been satisfied where, as here, a plaintiff alleges serious bodily injury. *See In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296-97 (S.D.N.Y. 2001). Indeed, Alabama courts have awarded compensatory and punitive damages in excess of $75,000 in products liability cases where similar injuries are alleged. *See, e.g., Mazda Motor Corp. v. Hurst,* 261 So. 3d 167 (Ala. 2017); *Mack Trucks, Inc. v.*

5

*Witherspoon,* 867 So. 2d 307 (Ala. 2003); *Sears, Roebuck & Co. v. Harris*, 630 So. 2d 1018 (Ala. 1993), *as modified on denial of reh'g* (Jan. 7, 1994).

20. Here, Plaintiff alleges that as a result of ingesting Zantac, the Decedent "died after suffering for years with an aggressive, incurable form of prostate cancer." Compl. at ¶¶ 21, 25.

21. Plaintiff seeks punitive as well as compensatory damages. *Id.* at 3-5.

22. In other Zantac cases alleging similar injuries, courts have found the amount-in-controversy easily satisfied even though the complaints did not specify an amount-in-controversy. *See Brooks v. Sanofi S.A.*, No. 20-CV-565-JCM-EJY, 2020 WL 1847682 (D. Nev. Apr. 13, 2020) (finding that even when applying "a conservative' estimate, plaintiff's Zantac-related allegations "on their face" established that the amount in controversy was met). And in the more than two thousand personal injury cases pending in the Zantac MDL, each plaintiff either expressly claimed damages in excess of $75,000 or impliedly did so by filing a lawsuit in federal court or invoking diversity jurisdiction. *See, e.g., Sobieszczyk v. Boehringer Ingelheim Pharms. Inc.*, No. 20-CV-80189 (S.D. Fla.) (alleging prostate cancer that resulted in damaged in excess of $75,000); *Pinkney v. Boehringer Ingelheim Pharm., Inc.*, No. 20-CV-80301 (S.D. Fla.) (alleging prostate cancer that resulted in unspecified damages). Although Defendants deny that Plaintiff is entitled to any damages, like those cases, this case meets the requirements for federal diversity jurisdiction.

23. Based on Plaintiff's allegations, it is clear that the amount-in-controversy exceeds $75,000, exclusive of interest and costs.

### III.  Procedural Requirements of Removal Are Satisfied

24. The Complaint was filed on September 20, 2022. Defendants Sanofi US Services Inc., Chattem, Inc., Boehringer Ingelheim Pharmaceuticals, Inc., and GlaxoSmithKline LLC were

<pre>
<pre>
</pre>
</pre>
served with the Complaint on September 26, 2022. Therefore, this Notice of Removal is timely filed under 28 U.S.C. §§ 1446(b), (c).

25. The Northern District of Alabama (Northeastern Division) is the federal judicial district encompassing the Circuit Court of the State of Alabama in and for Madison County where this suit was originally filed. Venue is therefore proper in this district under 28 U.S.C. §§ 814(a)(2) and 1441(a).

*26.* Removal pursuant to 28 U.S.C. § 1441(a) requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Boehringer Ingelheim Pharmaceuticals, Inc. and GlaxoSmithKline, LLC consent to this removal. The Fictitious Defendants A-Z are not required to consent to removal. *Hernandez v. Seminole County, Fla.,* 334 F.3d 1233, 1237 (11th Cir. 2003); *see also EMC Mortg. Corp. v. Vazquez,* No. 2:09-CV-1427-TMP, 2009 WL 10703297, at *2 (N.D. Ala. Dec. 4, 2009) ("The consent of mere 'nominal'...defendants is not necessary for a proper removal.").

27. Defendants are providing Plaintiff and the Clerk of the Circuit Court of the State of Alabama in and for Madison County with written notice of the filing of this Notice of Removal with as required by 28 U.S.C. § 1446(d).

28. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders and other papers filed in the state court action—as available from the state court docket or otherwise made available to Defendant at the time of filing this Notice—are attached hereto as **Exhibit A**.

29. If any question arises regarding the propriety of the removal of this action, Defendants respectfully request the opportunity to present a brief and be heard at oral argument in support of removal.

30. No previous application has been made for the relief requested herein.

## **CONCLUSION**

WHEREFORE, Defendants give notice that the matter bearing Case No. 47-CV-2022-901046.00 pending in the Circuit Court of the State of Alabama in and for Madison County is removed to the United States District Court for the Northern District of Alabama (Northeastern Division), and requests that this Court retain jurisdiction for all further proceedings in this matter.

Dated:  October 25, 2022                                                          Respectfully submitted,


    *s/ Angelique Ciliberti*
Angelique Ciliberti (ASB: 1504T44C)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001
Tel: (202) 942-6272
Fax: (202) 942-5999
Email: angelique.ciliberti@arnoldporter.com


*Attorney for Defendants Sanofi US Services Inc. and Chattem, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 25, 2022, I served a true and correct copy of the foregoing via electronic and First Class mail on the following counsel of record:

Chris Messervy
107 Jefferson Street North
Huntsville, Alabama 35801
Tel: (256) 551-7222
Fax: (256) 551-7022
Email: chrismesservy@gmail.com

*Attorney for Plaintiff*

                                                *s/ Angelique Ciliberti*
                                                Angelique Ciliberti (ASB: 1504T44C)
                                                ARNOLD & PORTER KAYE SCHOLER LLP
                                                601 Massachusetts Ave., NW
                                                Washington, DC 20001
                                                Tel: (202) 942-6272
                                                Fax: (202) 942-5999
                                                Email: angelique.ciliberti@arnoldporter.com

                                                *Attorney for Defendants Sanofi US Services Inc.*
                                                *and Chattem, Inc.*